*In re* SLEPSKI'S ESTATE.

1. WILLS—COMPETENCY—EVIDENCE—OPINION EVIDENCE.
    Where testator did not dictate will, but had written list of legacies not prepared by himself from which will was drawn, there was no such dictating of will by him requiring consecutive thought showing mental competency as to exclude opinion evidence that he was not mentally competent.

---

Insane delusions as affecting testator's mental capacity, see annotation in 27 L. R. A. (N. S.) 62; L. R. A. 1915A, 458.

2. SAME—QUESTION FOR JURY.

Conflicting testimony as to mental competency of testator at time will was made presented question of fact for jury.

3. SAME—WEIGHT OF EVIDENCE.

Verdict that testator .was incompetent to make will, *held,* not against great weight of evidence.

Error to Wayne; Webster (Arthur), J. Submitted January 20, 1931. (Docket No. 78, Calendar No. 35,414.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Alexandra Grabinski presented for probate an instrument alleged to be the last will and testament of Maciej A. Slepski. Anna Slepski and another filed notice of protest. Upon certification to the circuit court, judgment was entered for contestants. Proponent brings error. Affirmed.

*Davidow & Davidow,* for appellant.

*Barbour & Martin (Henry C. L. Forler,* of counsel), for appellees.

CLARK, J. ` Contest on the will of Maciej A. Slepski, who died in May, 1929, resulted in verdict rejecting the will, and judgment thereon. The proponent brings error.

At the trial, proponent invoked the rule of *Spratt* v. *Spratt,* 76 Mich. 384, followed in many cases, to the effect that where a person has in fact dictated a will disposing of all his property by successive bequests and devises requiring consecutive thought and the exercise of memory, mere opinion evidence that he was not competent to do what he had in fact done is entitled to no weight.

The trial judge held the rule not applicable on the facts for it appeared that testator, when he

went to the lawyer to make will, had with him a written list of the different legacies, and, except for the wife, whom, it is said, testator wished to exclude, the will was drawn accordingly. Testator did not prepare such writing. The record does not show who did it. It is clear, therefore, that the judge was right in declining to apply the stated rule.

The outstanding evidence of contestants is that testator had paresis, with attendant loss of brain and consequent impairment of mind, that its destructive processes are progressive over a rather long period, and that, in 1926, when the will was made, he lacked requisite mental competency. This evidence is chiefly from medical witnesses, some of whom had attended testator. There is, of course, conflict and inconsistency in testimony. Proponent had evidence tending to show mental competency at the time in question. There is no escape from an issue of fact, and the verdict of the jury is not against the great weight of the evidence.

The case was tried fairly and carefully by both court and counsel. We find no error.

Judgment affirmed.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.